46 F.3d 1150
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Gregory Dale ENGLISH, Petitioner-Appellant,
v.
R. Michael CODY, Warden, Respondent-Appellee.
 No. 94-5110.
 United States Court of Appeals, Tenth Circuit.
 Jan. 5, 1995.
 
 Before MOORE, BARRETT and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Gregory Dale English (English), appearing pro se and having been granted leave to proceed in forma pauperis, applies for a certificate of probable cause under 28 U.S.C. 2253 to appeal an order of the district court denying his 28 U.S.C. 2254 petition for a writ of habeas corpus. In order to reach the merits, we grant English's application for a certificate of probable cause.
 
 
 3
 On September 7, 1977, English, then a minor certified to stand trial as an adult, pled guilty in Oklahoma State court of four cases, charged with robbery with a firearm and one case charged with attempted robbery with a firearm. English was sentenced to an intermediate term of twelve to thirty-six years imprisonment in each case. Although the court advised English of his right to a direct appeal, he did not appeal nor did he seek to withdraw his guilty pleas.
 
 
 4
 In January, 1991, English filed an application in Oklahoma state court seeking post-conviction relief. He alleged that the statute under which he had been certified to stand trial as an adult had been ruled unconstitutional. The court denied relief. On appeal, the Oklahoma Court of Criminal Appeals affirmed.
 
 
 5
 Thereafter, English filed a petition for habeas corpus in Oklahoma state court. The court, after construing the petition as a second application for post-conviction relief, denied it on the ground of procedural bar. On appeal, the Oklahoma Court of Criminal Appeals affirmed, holding that English had waived the issues he had raised for the first time in his second application.
 
 
 6
 In June, 1993, English filed his federal habeas corpus petition, alleging that his counsel in his juvenile proceedings and his guilty plea proceedings had been ineffective. Respondents objected to English's petition on the basis of a procedural bar. In its order denying English's petition for a writ of habeas corpus, the federal district court found that: under Coleman v. Thompson, 501 U.S. 722 (1991), the doctrine of procedural default prohibits a federal court from considering a specific habeas claim where the state's highest court has declined to reach it on state procedural grounds unless a petitioner "demonstrate[s] cause for the default and actual prejudice ... or ... that failure to consider the claim will result in a fundamental miscarriage of justice;" English procedurally defaulted his claims; the Oklahoma Court of Criminal Appeals decision was based on an adequate and independent state procedural bar; and, English did not offer any facts that demonstrate cause and prejudice under Coleman for his failure to move to withdraw his guilty plea.
 
 
 7
 On appeal, English contends that the district court's denial of his habeas corpus petition violated United States v. Frady, 456 U.S. 152 (1982), Murray v. Carrier, 477 U.S. 478 (1986), and McCleskey v. Zant, 499 U.S. 467 (1991) and that we should reverse the order of the district court denying his petition and remand for further proceedings consistent with Townsend v. Sain, 372 U.S. 293 (1963), overruled by Keeney v. Tamayo-Reyes, 112 S.Ct. 1715 (1992).
 
 
 8
 We affirm the district court's Order of April 15, 1994, denying English's petition for writ of habeas corpus for substantially the reasons set forth therein. (R., Vol. I, Tab 5.)
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470